**UNITED APPAREL DISTRIBUTORS, INC., an Illinois Corporation,
Plaintiff,**

v.

**CHASE MANHATTAN BANK, N.A., a National Banking Association,
Defendant.**

**No. 80 Civ. 6971.**

United States District Court,
S. D. New York.

Oct. 8, 1982.

---

Roshwald, Bass, Caine, Goldstricker & Epstein, of counsel to Alex Devience, Jr., Ltd., New York City, for plaintiff.

Andrew S. O'Connor, New York City, for defendant; by Robert M. MacAllister, New York City, of counsel.

## OPINION AND ORDER

OWEN, District Judge.

This case comes before me on the parties cross-motions for summary judgment.

In its complaint, plaintiff, a retailer of men's clothing, alleges two claims for relief: first, that defendant Chase Manhattan Bank failed to pay on personal money orders purchased from it by one Joseph Choi which were later duly endorsed to plaintiff and presented by plaintiff to defendant; and second, that defendant failed to pay on such personal money orders in violation of its duties pursuant to § 4–302 of the New York Uniform Commercial Code. Plaintiff now moves for summary judgment on both claims and defendant cross-moves for summary judgment only on plaintiff's first claim. For the reasons set forth below, defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied. The undisputed facts are as follows.

On June 21, 1979, Mr. Choi purchased 27 personal money orders from defendant for the sum of $1,000 each. Subsequently, Choi, to pay for his clothing purchases, made these money orders payable to plaintiff. However, on June 22, 1979, Choi executed and delivered to Chase written stop payment requests for all of the personal money orders. Chase then refunded the purchase price of the personal money orders to Choi by official check. When the personal money orders were presented by plaintiff to Chase for payment, Chase complied with Choi's stop payment request and refused to honor them.

Personal money orders function as personal checks, not as banker's or cashier's or traveller's checks. *Berler v. Barclay's Bank of New York*, 82 A.D.2d 437, 442 N.Y.S.2d 54 (1st Dep't 1981). They are bills of exchange drawn on a bank payable on demand from funds deposited by the purchaser thereof. *Garden Check Cashing Service, Inc. v. First National City Bank*, 25 A.D.2d 137, 267 N.Y.S.2d 698 (1st Dep't 1966). They are not obligations of the bank unless or until they are signed by a bank official or they are accepted by the bank from a named payee. *Id.*, 267 N.Y.S.2d at 702.

In this case, Chase's obligation was to Choi. In terms, that obligation required Chase to pay on the money order upon presentment unless prior to that time Choi directed Chase to stop payment. Choi directed Chase to do so and Chase complied with his order. At no time did Chase ever incur any obligation running directly to plaintiff and at no time did Chase ever guarantee payment on the money orders.

Moreover, defendant was under a statutory obligation to stop payment on the money order upon the request of Choi and Choi was invested with the power to make that request until Chase had paid on the money order. N.Y.U.C.C. § 4–403(1); *Garden Check, supra*, 267 N.Y.S.2d at 702. In fact, had Chase paid plaintiff on presentment of the money orders, those payments would have been improper. N.Y.U.C.C. § 4–403(1), Official Comment # 8. Chase therefore acted properly when it refused to pay on the money orders upon presentment. Defendant's cross-motion for summary judgment as to Count I is therefore granted and plaintiff's motion as to Count I is denied.

As to its motion for summary judgment on its second claim, plaintiff has failed to provide the court with competent evidence to support the bare allegations. It also appears to have admitted in the moving affidavit of Mr. Mi Ja Lee, President of plaintiff corporation, that "The money orders . . . were . . . presented to the defendant bank for payment on or about June 25, 1979 . . . [and] on or about June 25, 1979 defendant refused to pay the money orders on the ground that CHOI had ordered 'stop payments'". Plaintiff simply alleges that the physical instruments were not returned until subsequent to June 26, 1979. One supposes that plaintiff bases its claim upon the argument that compliance with § 4–302 requires the return of the instruments. This is an insufficient showing. In addition, notice of dishonor "may be given in any reasonable manner. It may be oral or written . . . ." N.Y.U.C.C. § 3–508(3). If plaintiff received notice prior to the running of the midnight deadline, that alone would necessitate granting summary judgment to defendant on this claim. In any event, issues of fact exist which mandate denial of plaintiff's motion for summary judgment as to Count II.

So ordered.