J.G. DUGGAN, Plaintiff-Appellant, v. STATE BANK OF ANTIOCH, Defendant-Appellee.

Second District   No. 2—88—0988

Opinion filed June 22, 1989.

J.G. Duggan, of Lake Forest, appellant *pro se.*

No brief filed for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, J.G. Duggan, brought this small claims complaint in the circuit court of Lake County against defendant, State Bank of Antioch (the Bank), for wrongful dishonor of a personal money order payable to plaintiff in the sum of $400. Plaintiff, an attorney, sought payment of the $400 as well as $400 in attorney fees. The Bank filed a counterclaim for malicious prosecution of the lawsuit. Following a hearing, the trial court entered judgment for the Bank on the complaint and for plaintiff on the counterclaim. Plaintiff appeals, contending the Bank acted wrongfully in refusing to pay a personal money order by honoring a stop-payment request from the purchaser of the money order.

The evidence presented at the hearing showed that plaintiff is the owner of Sequoit Apartments in Antioch. On January 18, 1988, Helen Musolino purchased a money order from the Bank in the sum of $400. On that same date she completed the money order naming herself as remitter and plaintiff as payee and presented the money order to Robert Lausch, manager of the apartments. The sum represented the balance of a $500 security deposit due for rental of one of the apartments. Mrs. Musolino had previously given Mr. Lausch a deposit of $100 to hold the apartment.

On January 19, 1988, Mrs. Musolino filled out a stop-payment request on the money order. On January 20, Mr. Lausch, acting on behalf of plaintiff, deposited the money order in the account plaintiff maintained for Sequoit Apartments at the Bank. On or about January 21, plaintiff received a notice from the Bank that his account had been debited $400, the amount of the money order. Subsequently, plaintiff instituted the instant action, challenging the Bank's act of

honoring the stop-payment request of a money order.

At the conclusion of the hearing on plaintiff's complaint, the trial court found that a personal money order, like a personal check, is subject to a stop-payment order to a bank by the remitter of the money order, notwithstanding that the party presenting the money order is a holder in due course. The court held that although the remitter of a personal money order would be obligated to a holder in due course, the drawee bank is not obligated, provided a stop-payment order has been received from the remitter. The court entered judgment in favor of the Bank. Additionally, the court denied plaintiff's claim for attorney fees since plaintiff appeared *pro se* in the proceedings. The court also denied the Bank's counterclaim for malicious prosecution of the suit.

On appeal, plaintiff argues that the Bank did not possess the right to stop payment on a personal money order. It is plaintiff's position that a money order is akin to a cashier's check upon which payment cannot be stopped and that, therefore, the Bank acted wrongfully in refusing to honor the money order. Although the Bank has not filed a brief on appeal, this court may nonetheless consider the plaintiff's contention on the merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

■ In the instant case the parties do not dispute that plaintiff was a holder in due course. Nevertheless, even if plaintiff was a holder in due course, the Bank would not have been obligated to plaintiff provided the Bank was required to follow Mrs. Musolino's stop-payment request on the money order, as the trial court concluded. Rather, Mrs. Musolino would remain liable on the instrument to plaintiff. See comment 8 to section 4—403 of the Uniform Commercial Code (Ill. Ann. Stat., ch. 26, §4—403, Uniform Commercial Code Comment, at 535 (Smith-Hurd 1963)).

Our research has failed to reveal any cases which have previously considered whether payment can be stopped on a money order.

By definition a "money order" is:

> "A type of negotiable draft issued by banks, post offices, telegraph companies and express companies and used by the purchaser as a *substitute for a check.* Form of credit instrument calling for payment of money to named payee, and involving three parties: remitter, payee and drawee." (Emphasis added.) Black's Law Dictionary 907 (5th Ed. 1979).

Plaintiff, relying on *Bank of Niles v. American State Bank* (1973), 14 Ill. App. 3d 729, maintains that a money order is similar to a cashier's check on which payment cannot be stopped since in issuing a

cashier's check a bank promises to pay out of its own funds a certain sum of money to a certain person or entity. (See 14 Ill. App. 3d at 733.) We, however, disagree with the court's comparison in *Bank of Niles*, as we believe a money order is not akin to a cashier's check. A "cashier's check" is:

> "A check drawn by the bank upon itself and issued by an authorized officer of a bank, directed to another person evidencing fact that payee is authorized to demand and receive from the bank, upon presentation, the amount of money represented by the check." Black's Law Dictionary 196 (5th Ed. 1979).

■ A money order and a cashier's check, therefore, differ both by definition and by the very form the two instruments take. Ordinarily, when an individual purchases a money order, the bank fills in only the amount of the purchase. Such was the case here where the purchaser, Mrs. Musolino, filled in the date and the name of the payee and signed as remitter, or drawer, of the money order. In contrast, when a bank issues a cashier's check, the bank fills in the date, the name of the payee, and the amount of the check. Additionally, an authorized signer of the bank signs as drawer of the check. By its act of issuance, a bank accepts a cashier's check in advance (*Able & Associates, Inc. v. Orchard Hill Farms of Illinois, Inc.* (1979), 77 Ill. App. 3d 375, 381; see also *Munson v. American National Bank & Trust Co.* (7th Cir. 1973), 484 F.2d 620, 623-24), and any subsequent stop-payment order is ineffective. (Ill. Rev. Stat. 1987, ch. 26, par. 4—303.) In the case of a money order, we agree with the trial court, which relied on the findings in *United Apparel Distributors, Inc. v. Chase Manhattan Bank* (S.D.N.Y. 1982), 548 F. Supp. 672, that a personal money order functions as a personal check and not as a banker's or cashier's or traveler's check. (548 F. Supp. at 673.) Since the only signature on a personal money order is that of the purchaser, since the instrument takes the form of an order to pay, and since it is drawn on a bank and payable on demand, it is within the classification of a check. (See *Sequoyah State v. Union National Bank* (1981), 274 Ark. 1, 5, 621 S.W.2d 683, 685 (Dudley, J., dissenting).) As such, a money order does not become the obligation of a bank unless or until it is signed by a bank official or it is accepted by a bank from a named payee. See *United Apparel Distributors*, 548 F. Supp. at 673.

■ In the instant case, the Bank had received the remitter's stop-payment order prior to its acceptance of the money order. We conclude that the bank acted properly in stopping payment on the personal money order, especially where, as here, the Bank was not the drawer. Other jurisdictions have made similar findings. See, *e.g.,*

*United Apparel Distributors, Inc. v. Chase Manhattan Bank* (S.D.N.Y. 1982), 548 F. Supp. 672; *Thompson v. Lake County National Bank* (1975), 47 Ohio App. 2d 249, 353 N.E.2d 895; *State v. LaRue* (1971), 5 Wash. App. 299, 487 P.2d 255. But see also *Sequoyah State v. Union National Bank* (1981), 274 Ark. 1, 621 S.W.2d 683 (wherein the Arkansas Supreme Court held a personal money order was the obligation of the issuing bank from the moment of its issuance, and the fact that no authorized representative of the bank signed the instrument did not negate the bank's liability).

Under the particular circumstances presented in the instant case, the Bank was obligated to obey its customer's stop-payment request on the personal money order.

Accordingly, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

LINDBERG and REINHARD, JJ., concur.