CHICAGO CICERO CURRENCY EXCHANGE, INC., Plaintiff-Appellant, v. CONTINENTAL ILLINOIS NATIONAL BANK & TRUST COMPANY OF CHICAGO, Defendant-Appellee (Jennifer Jones, Defendant).

First District (5th Division)   No. 1—88—1607

Opinion filed September 22, 1989.

William Shapiro, of Chicago, for appellant.

Richard H. Ferri, of Continental Bank, of Chicago, for appellee.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Plaintiff, Chicago Cicero Currency Exchange, Inc., brought this action in the circuit court of Cook County against defendants, Continental Bank (Continental) and Jennifer Jones, for the wrongful dis-

honor of a $200 personal money order issued by Continental. The trial court entered judgment in favor of Continental and subsequently denied plaintiff's motion to vacate the judgment. The trial court also entered an order dismissing Jennifer Jones as a party-defendant. Plaintiff appeals from the judgment, contending that Continental acted wrongfully in honoring the customer's stop-payment request and refusing to honor the personal money order presented by plaintiff.

At the bench trial plaintiff's general manager, Steve Senescu, testified that on or about August 9, 1985, a woman presented a $200 personal money order for payment. The personal money order was issued by Continental on July 30, 1985. The woman, who identified herself as Jennifer Jones, filled out a check-cashing card, and the money order was cashed by plaintiff. Further, he testified that plaintiff deposited the money order for payment, but Continental denied payment upon presentation because the purchaser of the money order had executed a stop-payment order.

Continental presented the testimony of Linda K. Stewart, who testified that she purchased the money order from defendant on July 30, 1985. Ms. Stewart stated that after the money order was stolen, she executed a stop-payment order at Continental and received a replacement cashier's check. According to Ms. Stewart, she never filled in the name of the payee or signed the space indicated for the drawer's signature.

■ Plaintiff contends that Continental improperly refused to honor its personal money order. The parties do not dispute plaintiff's status as a holder in due course. However, despite plaintiff's status, Continental would not be required to honor the personal money order if it was obligated to follow the purchaser's stop-payment request. The applicable provision in the Uniform Commercial Code reads in pertinent part:

> "A customer may by order to his bank stop payment on any item payable for his account ***." (Ill. Rev. Stat. 1987, ch. 26, par. 4—403(1).)

Official Comment 4 provides that the right to stop payment is not limited to checks, but extends to any item which is payable by any bank. (Ill. Ann. Stat., ch. 26, par. 4—403, Uniform Commercial Code Comment 4, at 534 (Smith-Hurd 1963).) However, this right to stop payment does not apply to cashier's checks (*Able & Associates, Inc. v. Orchard Hill Farms of Illinois, Inc.* (1979), 77 Ill. App. 3d 375, 395 N.E.2d 1138) or certified checks (Ill. Rev. Stat. 1987, ch. 26, par. 4—303). Plaintiff's argument is based upon his position that personal money orders should be treated in the same manner as cashier's or

certified checks, which are generally not subject to stop orders against a holder in due course. Thus, the issue presented for review concerns the nature and characteristics of a personal money order.

This issue was recently addressed in *Duggan v. State Bank of Antioch* (1989), 184 Ill. App. 3d 699, 540 N.E.2d 1111, where the court held that when a bank receives a stop-payment order prior to acceptance of a money order, upon which the bank has not signed as a drawer, the bank may properly refuse to honor the personal money order pursuant to a stop-payment request. A personal money order is significantly distinguishable from a cashier's check so that different rules concerning the application of stop-payment orders should apply.

■■ A cashier's check is a bill of exchange or draft which is drawn by a bank upon itself. (H. Bailey, Brady on Bank Checks §1.11, at 1—16 (5th ed. 1979).) A cashier's check, considered accepted for payment by its issuance, is not subject to countermand through a stop order. (*Able & Associates, Inc. v. Orchard Hill Farms of Illinois, Inc.*, 77 Ill. App. 3d at 382.) In addition, the bank issuing the cashier's check fills in the payee's name and an authorized representative of the bank signs as drawer. In contrast, personal money orders have been described as similar to checks in that the purchaser signs as drawer, a blank space is provided for the name of the payee, and the order must be endorsed. (H. Bailey, Brady on Bank Checks §23.15, at 23—33 (5th ed. 1979); *Thompson v. Lake County National Bank* (1975), 47 Ohio App. 2d 249, 353 N.E.2d 895.) Since a personal money order is not signed by an authorized representative of the issuing bank, it is more in the nature of an ordinary check than a bank obligation, and, thus, subject to stop-payment orders. *Garden Check Cashing Service, Inc. v. First National City Bank* (1966), 25 A.D.2d 137, 267 N.Y.S.2d 698, *aff'd* (1966), 18 N.Y.2d 941, 223 N.E.2d 566, 277 N.Y.S.2d 141.

Plaintiff relies upon two Texas cases in support of the argument that a personal money order is not subject to a stop-payment request from the purchaser. However, these cases are clearly distinguishable from the present case. In *Interfirst Bank Carrollton v. Northpark National Bank* (Tex. Ct. App. 1984), 671 S.W.2d 100, the issue presented addressed the right of an issuing bank to stop payment on a personal money order on its own initiative. The court held that the absence of the bank's signature on the instrument was not controlling, and the money order should be treated in the same manner as a cashier's check. The instant case concerns the right of a purchaser to request and receive a stop-payment order and not the right of the issuing bank. The effect of a stop-payment request on an "official check" issued by one financial institution and drawn on a second insti-

tution was addressed in *Guaranty Federal Savings & Loan v. Horseshoe Operating Co.* (Tex. Ct. App. 1988), 748 S.W.2d 519. The court held that the "official check," on which the bank inserted the name of the requested payee, was analogous to a cashier's check, and a stop-payment order would not be allowed simply because the drawee and issuing bank were different. The issues are clearly distinguishable.

The instrument in the instant case was a personal money order which did not contain the signature of a representative of the issuing bank. Section 3—401(1) of the Uniform Commercial Code provides that no one is liable on an instrument unless his signature appears upon it. (Ill. Rev. Stat. 1987, ch. 26, par. 3—401(1).) Further, the demand to stop payment on the money order was received before the money order was accepted by Continental. Thus, Continental properly honored the purchaser's stop-payment request and refused to honor the money order presented by plaintiff.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

PINCHAM and COCCIA, JJ., concur.